UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

SPECIALTYCARE, INC., et al.,

Plaintiffs,

v.

CALIFORNIA PHYSICIANS' SERVICES, INC,

Defendant.

Case No. 24-cv-09339-AMO

**ORDER DENYING MOTION TO STAY**

Re: Dkt. No. 59

Before the Court is Plaintiffs' motion to stay the action pending resolution of certain cases under consideration by the Ninth Circuit Court of Appeals. Defendant did not file an opposition – according to Plaintiffs' papers, Defendant agrees to the stay in relation to one of the two designated cases. Accordingly, the hearing set for December 3, 2026, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court DENIES the request for a stay for the following reasons.

## I. BACKGROUND

Plaintiffs' First Amended Complaint asserted claims under the Federal Arbitration Act ("FAA"), the No Surprises Act ("NSA"), ERISA, and California law, including the UCL. Dkt. No. 24. On February 2, 2026, this Court dismissed the federal enforcement claims without leave to amend and dismissed several other state law claims with leave to amend but denied Defendant's motion to dismiss the UCL claim. Dkt. No. 39. The UCL claim is the sole claim presently proceeding in this action. Defendant's answer advances several affirmative defenses, including challenges to the eligibility of the underlying independent dispute resolution ("IDR") awards. Dkt. No. 42 at 25-26.

In light of the current status of the pleadings and the legal issues that remain live for adjudication, Plaintiffs seek a stay of all proceedings in this action. Dkt. No. 59. Plaintiffs seek a stay of discovery and all applicable deadlines pending resolution of two related appeals pending before the United States Court of Appeals for the Ninth Circuit: (1) *SpecialtyCare, Inc. v. Kaiser Foundation Health Plan, Inc.*, No. 26-4722 (9th Cir.) (the "*Kaiser* Appeal"); and (2) *Anthem Blue Cross Life & Health Insurance Co. v. HaloMD, LLC*, No. 26-2355 (9th Cir.) (the "*HaloMD* Appeal") (collectively, the "Appeals").[1] In the *Kaiser* Appeal, SpecialtyCare is appealing the dismissal of federal claims seeking enforcement of unpaid IDR awards. A ruling recognizing a legal remedy to enforce those awards could provide grounds to revisit the corresponding interlocutory dismissals in this action, while also affecting the availability of equitable restitution under the remaining UCL claim. In the *HaloMD* Appeal, the Ninth Circuit is considering whether, and to what extent, a litigant can challenge IDR eligibility determinations beyond the statute's limited grounds for judicial review.

## II. DISCUSSION

Federal district courts possess the inherent authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Supreme Court has emphasized that the power to manage its own docket imbues the district court with "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In support of exercising that power, the Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (internal quotation marks and citation omitted); *see also*

[1] Defendant does not oppose a stay pending resolution of the *Kaiser* Appeal and agrees that the Kaiser Appeal supplies an independent basis for a stay, but disputes SpecialtyCare's position that the *HaloMD* Appeal also bears on this action.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A district court's concern for the last factor, which courts refer to as 'judicial efficiency,' 'standing alone is not necessarily a sufficient ground to stay proceedings.' " *PG&E Corp. Sec. Litig.*, 100 F.4th at 1085 (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

Here, Plaintiffs present no argument that any damage would result from the grant of a stay in this case; rather, they argue that proceeding with the litigation as presently scheduled would require litigation of issues potentially resolved in the Appeals. *See* Dkt. No. 59 at 10. But continuing to litigate does not itself reflect hardship – "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Plaintiffs thus fail to satisfy the second factor.

Plaintiffs additionally aver that the Court should stay the action because the outcomes of the two appeals will "narrow the issues in this case." Dkt. No. 59 at 8. This argument reaches toward the third factor, judicial efficiency, and is "not necessarily a sufficient ground to stay proceedings." *PG&E Corp. Sec. Litig.*, 100 F.4th at 1085 (internal quotation marks and citation omitted). Moreover, the outcomes of the two appeals have the potential of complicating the issues in this case rather than simplifying them, because they may require reintroduction of previously-dismissed FAA and NSA claims. The parties face no hardship or prejudice at the prospect of continuing to litigate the remaining UCL claim while the appellate court completes its review. Accordingly, this factor also weighs against granting a discretionary stay of the case.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion for a stay of the case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**